**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-24110-ALTMAN/Lett**

**CORE DISTRIBUTION, INC.**,

*Plaintiff*,

*v.*

**THE WORLD TRADE CORPORATION**,
*et al.*,

*Defendants.*
_________________________________/

**ORDER STRIKING COUNTS FROM AMENDED COMPLAINT**

In our Order Granting in Part and Denying in Part the Motion to Dismiss ("MTD Order") [ECF No. 93], we granted our Plaintiff, Core Distribution, Inc., leave to file an amended complaint. The Plaintiff then sought leave to add Sherwin Williams as a Defendant in the amended complaint. *See* Motion for Leave to File an Amended Complaint [ECF No. 90]. We denied leave to amend because "[o]ur Scheduling Order set the deadline to 'file all motions to amend pleadings or to join parties' for July 21, 2025," and the Plaintiff hadn't "demonstrated 'good cause' for us to allow it to add Sherwin Williams as a Defendant—so long after the deadline to amend has passed." Order Denying Leave to Amend [ECF No. 96] at 1–2 (quoting Scheduling Order [ECF No. 43] at 1).

The Plaintiff has now filed an Amended Complaint [ECF No. 98], which adds an "Abuse of Process" claim against Defendant Alexander Joch as Count VII. *See* Amended Complaint ¶¶ 244–252. That's not right. If the Plaintiff wanted to add a new claim, he needed our leave to do so. *See Kozyrev v. Ponomarenko*, 2020 WL 977635, at *1 (S.D. Fla. Feb. 28, 2020) (Bloom, J.) ("Apart from initial amendments permissible as a matter of course, a party may amend its pleading only with the opposing party's written consent or the court's leave." (quoting FED. R. CIV. P. 15(a)(2)); *Felix v. Key Largo Mgmt. Corp.*, 2021 WL 5037570, at *4 (11th Cir. Oct. 29, 2021) ("Under Federal Rule of Civil Procedure

15(a)(2), a party must request and be granted leave to amend its complaint to add a new claim."); FED. R. CIV. P. 16(b), (e) (providing that district courts are required to "enter a scheduling order that limits the time to . . . join other parties and to amend the pleadings" and that such orders "control the subsequent course of the action unless modified by a subsequent order").

Here, the Plaintiff never sought leave to add Count VII. *See generally* Docket. It's true that our MTD Order allowed the Plaintiff to file an amended complaint *to fix the deficiencies in his Complaint* [ECF No. 1]. But nothing in our MTD Order allowed the Plaintiff to assert an *entirely new* cause of action. *See* MTD Order at 26 ("To avoid these problems, we'll give the Plaintiff one more chance to replead its claims—this time with facts and not just legal conclusions. But the Plaintiff will be given no more chances. If we dismiss its amended complaint, we *will* dismiss it with prejudice." (emphasis in original)); *see also Bradley v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 3238836, at *18 (11th Cir. Apr. 2, 2018) (noting that an amended complaint "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment"). What's more, we *already* denied the Plaintiff's request to add an additional Defendant, observing that the Plaintiff wouldn't be permitted to materially alter his claims without our leave. *See generally* Order Denying Leave to Amend. The Plaintiff cannot now evade our previous orders and the amended-pleading deadline by adding an entirely new cause of action.

Because our Scheduling Order set the deadline to "file all motions to amend pleadings or to join parties" for July 21, 2025, Scheduling Order at 1, and since our MTD Order only allowed the Plaintiff to amend *existing* claims, we **STRIKE** Count VII of the Amended Complaint. We also **OVERRULE** the Objections to the Protective Order because the Plaintiff's Objections [ECF No. 121] primarily relate to Count VII. *See id.* at 3 (objecting to the denial of "the requested discovery in relation to Plaintiffs' abuse of process claim"). If the Plaintiff still has discovery issues to address with us, it must re-raise them with Magistrate Judge Lett in light of this Order.

**DONE AND ORDERED** in Miami, Florida, on November 18, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record